UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL RODGERS

VERSUS

SGT. FUMIKO LEWIS, ET AL

CIVIL ACTION

NO. 011-091-BAJ-DLD

**RULING**

This matter is before the Court on a motion to continue two motions for partial summary judgment (doc. 10). The motion is opposed (doc. 11). Also pending is a motion to remand (doc. 7), which is opposed (doc. 8). Jurisdiction is alleged under 28 U.S.C. § 1331.

On September 15, 2010, plaintiff, Michael Rodgers, an inmate confined at Elayn Hunt Correctional Center in St. Gabriel, Louisiana, filed this action against defendants, Fumiko Lewis, "Lieutenant Weber"[1], and the State of Louisiana through the Department of Public Safety and Corrections, Elayn Hunt Correctional Center ("EHCC"). The complaint alleges that Lewis, a guard at EHCC, was driving a truck on May 20, 2010, when she negligently struck plaintiff with the truck, causing significant injuries. (Petition, ¶¶1-12).

The petition also asserts "[i]n the alternative, despite his injuries and being placed on light duty status . . . Lieutenant Weber . . . order[ed] plaintiff to fill up and carry twenty (20) to twenty-five (25) water coolers . . . which exacerbated injuries or

---

[1] Randall Weber was served on March 2, 2011 (see doc. 9, p. 1 (citing Ex. G)).

preexisting conditions cause by the motor vehicle accident described above." The petition alleges that plaintiff is in continuous pain and requires medical care due to the actions of defendants, Lewis and Weber. Plaintiff further alleges that "[f]ailure and lengthy delays in medical treatment demonstrates a deliberate indifference . . toward inmates . . . ." (Petition, ¶¶ 14-25).

On February 24, 2011, defendants, Fumiko Lewis and EHCC, filed the pending Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies (doc. 4).[2] Defendants also filed a motion to stay discovery until the Court rules on the motion for summary judgment (doc. 5). The motion to stay discovery was granted on February 28, 2011, the same day on which plaintiff filed the present motion to remand (doc. 7). On March 11, 2011, defendants, Lewis, Weber, and EHCC, filed the second motion for partial summary judgment which addresses the merits of the claims asserted (doc. 9). Plaintiff subsequently filed the pending FRCP 56(f) Motion to Continue (doc. 10). Pursuant to Rule 56(d), plaintiff has submitted an affidavit of counsel noting that discovery has been stayed and stating that further discovery is needed to allow proper opposition of the motions for summary judgment (doc. 10-3).

Federal Rule of Civil Procedure 56 provides, in pertinent part, that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot

---

[2] Because he had not been served at the time of the filing of the pending Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies, defendant, Randall Lewis, is not presently a movant with regard to that motion.

present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed.R.Civ.P. 56(d).

Though the Court finds merit in plaintiff's argument that further discovery is necessary to properly oppose the motion for summary judgment on the merits, the Court finds no merit in plaintiff's argument that further discovery is needed to ascertain whether plaintiff has exhausted administrative remedies as is required by 42 U.S.C. § 1997 prior to filing suit.[3]

A federal district court, however, is a court of limited jurisdiction and can only exercise that jurisdiction which is statutorily conferred upon it by Congress. *Margin v. Sea-Land Services, Inc.*, 812 F.2d 973, 976 (5th Cir. 1987). Thus, the Court must determine whether it has jurisdiction over the subject matter before addressing any motion for summary judgment.

## CONCLUSION

For all the foregoing reasons, plaintiff's motion to continue the motions for partial summary judgment (doc. 10) is **GRANTED** insofar as plaintiff seeks further discovery before the Court addresses the motion for summary judgment on the merits of the claims asserted (doc 9). The motion (doc. 10) is also **GRANTED** insofar as plaintiff seeks to have the Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies (doc. 4) continued until after the Court

---

[3]See ARP N. EHCC-2010-488 (doc. 4, Ex. A; doc. 9, Ex. A).

3

rules on the pending motion to remand. The motion to continue (doc. 10) is **DENIED** otherwise.

Accordingly, **IT IS ORDERED** that the motion for summary judgment on the merits of the claims asserted (doc. 9) be **TERMINATED** without prejudice to the right of defendants to reassert the motion after substantial discovery has been performed.

**IT IS FURTHER ORDERED** that, should the Court determine that it has subject matter jurisdiction, plaintiff shall file his opposition to the Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies within ten days of the Court's final ruling on the motion to remand.

Baton Rouge, Louisiana March 16, 2011.

                            _____
                            BRIAN A. JACKSON
                            UNITED STATES DISTRICT JUDGE
                            MIDDLE DISTRICT OF LOUISIANA