UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL RODGERS

VERSUS

SGT. FUMIKO LEWIS, ET AL

CIVIL ACTION

NO. 11-91-BAJ

**RULING**

Before the Court is an Motion for Partial Summary Judgment filed by defendants, Sargent Fumiko Lewis and the State of Louisiana, through the Department of Public Safety and Corrections, Division of Probation and Parole ("DPSC") Elayn Hunt Correctional Center ("EHCC") (collectively referred to as "Defendants"), [Rec. Doc. 4], plaintiff, Michael Rodgers', Opposition, [Rec. Doc. 19] and Defendants' Reply thereto [Rec. Doc. 28]. For the following reasons, Defendants' motion will be denied.

*I. Background*

Plaintiff, Michael Rodgers, DOC #339684, is an inmate sentenced to the custody of the Louisiana Department of Public Safety and Corrections ("DPSC"), and confined at EHCC in St. Gabriel, Louisiana. On the morning of May 20, 2010, Plaintiff, while working as an orderly trustee at EHCC, was weedeating grass near the Field House/guard shack. Sargent Randall Villar, a prison guard, had summoned Plaintiff to his truck to give him work instructions. At the same time, Sargent Fumiko Lewis, another guard, was driving a prison van toward the truck occupied by Villar when she struck Plaintiff, who was standing on the side of the road.

Plaintiff alleges he sustained physical injuries to his back and leg as a result of the incident and despite being placed on light duty status and prohibited from lifting any weight

1

over 15 pounds, he was ordered by "Lieutenant Weber" to fill up and carry twenty to twenty-five water coolers. He further alleges that Weber's work orders exacerbated his injuries or pre-existing conditions caused by the incident involving Lewis. Plaintiff contends that he made repeated requests to see a specialist for his injuries, which were denied. As a result, Plaintiff asserts that he suffers "continuous back and leg pain."

On February 22, 2011, Plaintiff filed this action against Sargent Lewis and Lieutenant Weber, both employees of EHCC, and the DPSC, alleging negligence under Louisiana Civil Code Article 2315 as well as deliberate medical indifference and failure to protect and/or insure safety under 42 U.S.C. § 1983. *R. 1, Complaint.* Plaintiff seeks relief in the form of "damages," costs, interest and attorney's fees. *Id., Exh. A.*

Defendants Fumiko and DPSC filed this motion for partial summary judgment alleging that Plaintiff's claims against them should be dismissed for failure to exhaust administrative remedies. *R. 4.* In their motion, Defendants state that "[n]o representation is being made on behalf of ... Lieutenant Weber" because at the time the motion was filed on February 24, 2011, Weber had not been served. *Id., fn.1*. The record indicates that Lieutenant Weber was served on March 2, 2011. *R. 9, Exh. G.* Because Defendants' motion for summary judgment is equally applicable to Lieutenant Weber and requires no additional briefing, the Court will also consider the motion on behalf of defendant Weber.

## II. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air*

*Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[1] *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.,* 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144. 159 (1970);

---

[1] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.*

*Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

*Analysis*

As provided in the foregoing, at the time of the incident in question Plaintiff was incarcerated in EHCC and under the legal custody and supervision of the DPSC. Defendants contend that Plaintiff's claims of negligence, deliberate medical indifference and failure to protect and /or insure safety should be dismissed for failure to exhaust administrative remedies before this suit was filed, pursuant to 42 U.S.C. § 1997e, the Federal Prisoner Litigation Reform Act ("PLRA"). The PLRA prohibits actions under 42 U.S.C. § 1983 by those subject to state custody until "such administrative remedies as are available are exhausted."

According to 42 U.S.C. § 1997e(a): "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of this exhaustion requirement are to "give an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court" and to allow for claim resolution in proceedings before an agency because it is faster and more economical than litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v.*

*Madigan*, 503 U.S. 140, 145 (1992)).

In the Fifth Circuit, "a strict approach" is taken to the exhaustion requirement. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir.2003). However, "the exhaustion requirement 'may be subject to certain defenses such as waiver, estoppel, or equitable tolling.' " *Days* at 866; *see also Wright v. Hollingsworth*, 260 F.3d 357, 358 n. 2 (5th Cir.2001). A district court must afford a prisoner an opportunity to show that he has either exhausted the available administrative remedies or that he should be excused from this requirement. *Miller v. Stanmore*, 636 F.2d 986, 991 (5th Cir.1981).

In Louisiana, an inmate must follow a two-step Administrative Remedy Procedure ("ARP") to exhaust administrative remedies before filing suit in district court.[2] La.Rev.Stat. Ann. § 15:1172(E); La. Admin. Code tit. 22, § 325(A) (2009); *Dillon v. Rogers*, 596 F.3d 260, 265 (5th Cir.2010) (recognizing and outlining Louisiana's ARP process). The first prong of the ARP has a time limit of forty (40) days for the Warden or his designee to file a response. *La. Admin. Code tit. 22, Pt. I, § 325(J)(1)*. If the inmate is not satisfied with this response, he may proceed to the second step of the ARP by appealing to the Secretary of the Louisiana Department of Corrections, ("DOC Secretary") if he or she is dissatisfied with the first step response from the Warden. La. Admin Code tit. 22 § 325(G)(2)(a). If the inmate does not receive a response to a first step grievance, then he is entitled to proceed to the second step of the process after the expiration of the first step 40–day response

---

[2] The ARP was promulgated by DPSC as "a formal grievance mechanism" for use by complainants. The ARP applies to all complaints and grievances, including "any and all claims seeking monetary, injunctive, declaratory, or other form of relief...." LAC 22:I.325 (B). Prior to a complainant being allowed to file suit a two-step process must be followed. First, the complaint must be lodged with the District Manager at the institutional level. The second step in the process requires a filing with the DPSC Secretary. LAC 22:I.325 (G).

5

time-limit.  *La Admin. Code tit. 22 § 325(G)(4)(a)*.  If the inmate is not satisfied with the second step response, he may then file suit in the appropriate district court.  *La. Admin Code tit. § 325(G)(2)(b)*.

The record indicates that following the May 20, 2010 incident at issue, Plaintiff filed ARP No. EHCC-2010-488 ("ARP") on May 22, 2010.  *R. 4, Exh. A.*  The ARP was filed into the grievance system on May 27, 2010, *Id.* at 4-5*,* and was denied at the first step on June 9, 2010, *Id.* at 4-7.  Thereafter, the ARP was accepted at the second step on July 7, 2010.  *R. 4.*  On September 8, 2010, a letter was forwarded to Plaintiff advising him that since a more detailed investigation of the claims asserted in the initial request for administrative remedy was warranted, a response to the ARP would be submitted in the near future.  *R. 4-3* at p. 8.  Plaintiff filed this action on September 15, 2010.  *R. 1*.  Ultimately, Plaintiff's ARP was denied at the second step on December 14, 2010.  *Id.; R. 4, Exh. A.*

In addition to asserting that all of Plaintiff's claims must be dismissed for failure to exhaust administrative remedies, Defendants maintain that Plaintiff's failed to state a claim for inadequate medical treatment under § 1983.  The Court will consider both issues as follows.

### *Whether Plaintiff's ARP included a claim for inadequate medical treatment*

Defendants argues that Plaintiff's ARP provides complaints of negligence and failure to protect and/or insure safety, but does not state a claim of inadequate medical treatment. *R. 4.*  The Court finds that the record demonstrates that Plaintiff did in fact state such a claim. *R. 4-3, Exh. A.*  Plaintiff complained in the ARP that despite his continued pain after receiving Ibuprofen following the incident, on the evening of the incident he "was told the only further treatment I could get was more ibruprofen [sic] and a recommended 'call-over.'"

6

Case 3:11-cv-00091-BAJ -DLD   Document 39   09/18/12   Page 6 of 8

*R. 4-3, p. 2.* He made the same complaint the following day and was again refused any thing other than Ibuprofen and being placed on call-over. *Id.* Under the "RELIEF" provision of his ARP, Plaintiff states, "2. Sufficient medical treatment to treat current and any future medical treatment." *Id. at p. 3.* On May 25, 2010, Plaintiff complained that he had not received "proper medical attention" in that he "had not been seen by a Doctor" nor "schedule[d] [ ] any X-rays." *Id. at p. 4.* Thus, the Court will consider Defendants' motion for summary judgment as to all of Plaintiff's claims: state law negligence as well as failure to protect and/or insure safety and deliberate indifference to his medical needs under 42 U.S.C. § 1983.

*Whether Plaintiff failed to exhaust administrative remedies*

Defendants contend that Plaintiff's failure to exhaust administrative remedies prior to filing this suit requires the Court to dismiss all claims against Defendants. Plaintiff argues that because the EHCC failed to issue the final decision within a total of ninety (90) days from initiation to final decision, Plaintiff had a right to file suit pursuant to Louisiana Administrative Code § 22:325(G)(4)(a), which provides:

> No more than 90 days from the initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, expiration of response time limits shall entitle the inmate to move on to the next step in the process. Time limits begin on the date the request is assigned to a staff member for the first step response.

La. Admin. Code § 22:325(G)(4)(a).

Plaintiff cites *Powe v. Ennis,* 177 F.3d 393 (5th Cir. 1999) in support of his position that his administrative remedies were exhausted when the state failed to timely respond to his application for step two. In *Powe*, the inmate filed his step two grievance on May 12, 1997 and his lawsuit on September 30, 1997, well after the due date for the state to provide

its response. The court held that "[a] prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired." *Id.* at 394.

Here, Plaintiff's grievance was entered on May 27, 2010 and his second step response was accepted on July 7, 2010. On September 15, 2010, over 100 days after his grievance was filed, Plaintiff filed this action. While Plaintiff was provided notice that a more detailed investigation of his administrative grievance was warranted and a response would be submitted in the near future, the notice was submitted more than ninety (90) days after the grievance was accepted. Moreover, the final determination denying his ARP was not submitted until December 14, 2010, over 200 days after Plaintiff's ARP was accepted on May 27, 2010. The Court finds that Plaintiff's administrative remedies are deemed exhausted. *Powe,* at 394.

*Conclusion*

Based on the record before the Court as well as the applicable law, the Motion for Partial Summary Judgment filed by Defendants [Rec. Doc. 4] is denied.

Baton Rouge, Louisiana, September 14, 2012.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA